# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GREENEARTH CLEANING, L.L.C., d/b/a GREENEARTH CLEANING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:17-CV-00290-DGK |
| NATOMAS FRESH CLEANERS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFAULT JUDGMENT

This case arises from the alleged unauthorized use of Plaintiff's intellectual property. Plaintiff GreenEarth Cleaning, L.L.C. ("GreenEarth") entered into an agreement with Defendant Natomas Fresh Cleaners, Inc. ("Fresh Cleaners") under which Fresh Cleaners was permitted to use certain trademarks, licensed product, and licensed processes in connection with the operation of its Fresh Cleaners dry cleaning business. GreenEarth alleges beginning September 1, 2013, and continuing to the present, Fresh Cleaners has not paid licensing fees according to the terms of the agreement, yet is using the trademarks and licensed product and processes, violating the agreement. GreenEarth sued Fresh Cleaners in a nine-count lawsuit alleging breach of contract, patent and trademark infringement, false advertising, trademark dilution, and unfair competition, under various statutory and common law theories.

Now before the Court is GreenEarth's Motion for Default Judgment (Doc. 7). For the reasons below, the motion is GRANTED and judgment is awarded against Fresh Cleaners for $15,552.90.

**Standard of Review**

Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). In considering a motion for default judgment, the court takes as true all allegations in the complaint that relate to liability. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). The court does not take as true conclusions of law or factual allegations relating to damages. *Id.* The plaintiff must prove allegations pertaining to the amount of damages "to a reasonable degree of certainty." *St. Louis—Kansas City Carpenters Reg'l Council v. Joseph Constr., Inc.*, No. 4:16–CV–00929–AGF, 2016 WL 6524342, at *2 (E.D. Mo. Nov. 3, 2016). A plaintiff may prove damages by a sworn affidavit and supporting documentation. *See, e.g.*, *H&R Block Enters. LLC v. Ascher*, No. 4:15–cv–00178–SRB, 2015 WL 5008996, at *4 (W.D. Mo. Aug. 20, 2015) ("Affidavit evidence is sufficient to support an award of damages for purposes of a default judgment.").

**Discussion**

The Court previously entered default against Fresh Cleaners (Doc. 9) because Fresh Cleaners failed to answer the complaint or otherwise defend this lawsuit as required by the Federal Rules of Civil Procedure.

As for damages, GreenEarth has filed an affidavit stating its actual damages are $9,910.00 for unpaid license fees, $1,000.00 for late fees, $736.80 for interest, and $3,906.10 for attorneys' fees and costs. (Docs. 7-1 at 1, 7-2 at 1). GreenEarth also requests post-judgment interest.

The agreement between the parties states their relationship is governed by Missouri law. (Doc. 1-3 at 6). The agreement further allows for recovery of attorneys' fees in an action by GreenEarth to collect unpaid amounts from Fresh Cleaners. *Id.*

The Court finds GreenEarth's affidavit states damages for the unpaid license fees, late fees, and interest with a reasonable degree of certainty and awards those amounts. The Court also finds attorneys' fees are recoverable. *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. 2009) (finding under Missouri law, attorneys' fees are recoverable if they are provided for by contract).

## Conclusion

For the foregoing reasons, GreenEarth's motion is GRANTED. The Court enters a final Judgment against Defendant Natomas Fresh Cleaners, Inc. in the amount of $11,646.80. The Court also taxes as costs against Defendant $3,906.10 for filing fees, costs, and attorneys' fees. Finally, the Court holds Plaintiff is entitled to post-judgment interest in the amount set forth under 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Date: October 5, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT